**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 2**

**SPRAIN BROOK MANOR REHAB, LLC.,**
**PINNACLE DIETARY INC., CONFIDENCE**
**MANAGEMENT SYSTEMS, SC & BP SERVICE,**
**INC., AND COMMERCIAL BUILDING**
**MAINTENANCE CORP.**

and

**1199 SEIU UNITED HEALTHCARE WORKERS**
**EAST**

and

**LOCAL 713, INTERNATIONAL BROTHERHOOD**
**OF TRADES UNIONS**

and

**BUDGET SERVICES, INC. AND LOCAL, 713,**
**INTERNATIONAL BROTHERHOOD**
**OF TRADES UNIONS**

and

**1199 SEIU UNITED HEALTHCARE WORKERS**
**EAST**

---

**BOARD'S EXHIBIT NO. 1**

---

**CASE NOS.**
**02-CA-089480 AND 02-CB-095670**

Exh. No: 1 ___ Received ___ Rejected ___
Case No.: 02-CA-089480 et al
Case Name: Sprain Brook Manor
No. Pgs: ___ Date: 10-6-14 Rep.: Am

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

BOARD'S EXHIBIT NO. 1

SPRAIN BROOK MANOR REHAB, LLC

CASE NOS.

02-CA-089480 AND 02-CB-095670

a)      Affidavit of Service or Order Extending Time to file Answer dated September 12, 2014

b)      Order Extending Time to File Answer dated September 12, 2014

c)      Answer to Consolidated Complaint by Sprain Brook Manor Rehab dated August 28, 2014

d)      Answer and Affirmative Defenses of Local 713 dated August 26, 2014

e)      Affidavit of Service of Order Extending Time to File Answer dated August 20, 2014

f)      Order Extending Time to File Answer dated August 20, 2014

g)      Answer to Order Consolidating Cases, Consolidated Complaint and Notice of Hearing of Pinnacle Dietary, Inc. dated August 14, 2014

h)      Affidavit of Service of Order Extending Time to File Answer dated August 14, 2014

i)      Order Extending Time to File Answer dated August 14, 2014

j)      Affidavit of Service of Order Extending Time to File Answer dated August 12, 2014 and Order Extending Time to File Answer dated August 12, 2014

k)      Answer of Respondent Commercial Building Maintenance Corp. to the Consolidated Complaint dated August 7, 2014

l)      Affidavit of Service of:  Order Consolidating Cases, Consolidated Complaint and Notice of Hearing dated July 31, 2014

m)    Order Consolidating Cases, Consolidated Complaint and Notice of Hearing dated July 31, 2014

n)    Affidavit of Service of Third Amended Charge Against Employer for Case No. 02-CA-089480 dated July 24, 2013

o)    Third Amended Charge for Case No. 02-CA-089480 dated July 22, 2013

p)    Affidavit of Service of Second Amended Charge Against Labor Organization for Case No. 02-CB-095670 dated July 23, 2013

q)    Second Amended Charge for Case No. 02-CB-095670 dated July 22, 2013

r)    Affidavit of Service of Second Amended Charge Against Employer for Case No. 02-CA-089480 dated July 16, 2013

s)    Second Amended Charge for Case No. 02-CA-089480 dated July 15, 2013

t)    Affidavit of Service of First Amended Charge Against Labor Organization for Case No. 02-CB-095670 dated January 31, 2013

u)    First Amended Charge for Case No. 02-CB-095670 dated January 30, 2013

v)    Affidavit of Service of Charge Against Labor Organization for Case No. 02-CB-095670 dated December 31, 2012

w)    Charge Against Employer for 02-CB-095670 dated December 28, 2012

x)    Affidavit for Service for First Amended Charge Against Employer for Case No. 02-CA-089480 dated November 29, 2012

y)    First Amended Charge Against Employer for Case No. 02-CA-089480 dated November 27, 2012

z)    Affidavit of Service for Charge Against Employer for Case No. 02-CA-089480 dated September 19, 2012

aa)    Charge Against Employer for Case No. 02-CA-089480 dated September 19, 2012

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERCIAL BUILDING
MAINTENANCE CORP.

    and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADES UNIONS

    and

BUDGET SERVICES, INC. AND LOCAL 713,
INTERNATIONAL BROTHERHOOD OF TRADE
UNIONS

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADES UNIONS

    and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST

Case Nos. 02-CA-089480
02-CA-095670

**AFFIDAVIT OF SERVICE OF ORDER EXTENDING TIME TO FILE ANSWER**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on , I served the above-entitled document(s) by **regular mail** upon the following persons, addressed to them at the following addresses:



GOVERNMENT
EXHIBIT

A

Sprain Brook Manor Nursing Home
Robert Klein
77 Jackson Ave
Scarsdale, NY 10583

Jeffrey A. Meyer, Esq.
Kaufman Dolowich & Voluck LLP
135 Crossways Park Dr Ste 201
Woodbury, NY 11797-2005

Sprain Brook Manor Rehab, LLC
Ari Stein
77 Jackson Ave
Scarsdale, NY 10583

Cathy Myer, Human Resources
Budget Services, Inc.
129 S 8th St
Brooklyn, NY 11211-6119

Avrom R. Vann
420 Lexington Avenue, Suite 2806
New York, NY 10170

George Gresham, President
1199 SEIU United Healthcare Workers East
310 West 43rd Street
New York, NY 10036

William S. Massey, Esq.
Gladstein, Reif & Meginnis, LLP
817 Broadway Fl 6
New York, NY 10003-4709

Judith A. Scott, General Counsel
Service Employees International Union
1800 Massachusetts Ave NW
Washington, DC 20036-1806

Peter Hasho, President
Local 713, International Brotherhood
of Trade Unions
400 Garden City Plz Ste 106
Garden City, NY 11530-3336

Sheri D. Preece, Esq.
Bryan C. McCarthy & Associates, P.C.
201 W Valley Stream Blvd
Valley Stream, NY 11580-5538

David F. Jasinski , Esq.
Jasinski P.C.
60 Park Pl Fl 8
Newark, NJ 07102-4412

Pinnacle Dietary, Inc.
50 Jeanne Drive
Newburgh, NY 12550

Clifford Chaiet, Esq.
Naness, Chaiet & Naness, LLC
375 N Broadway Ste 202
Jericho, NY 11753-2008

Commercial Building Maintenance Corp
40 Oak Dr
Syosset, NY 11791-4619

Brian Powers, VP Of Operations
Confidence Management Systems
1420 E Linden Ave
Linden, NJ 07036-1506

Stuart Weinberger, Esq.
Goldberger & Weinberger
630 Third Avenue, 18th Floor
New York, NY 10017-6705

SC & BP Services, Inc.
1055 63rd St
Brooklyn, NY 11219-5114

| September 12, 2014 | Lisa Coleman, Designated Agent of NLRB |
| --- | --- |
| Date | Name |

Signature

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERICAL BUILDING MAINTENANCE
CORP.

    and                                  Case Nos. 02-CA-089480
                                                     02-CB-095670

1199 SEIU UNITED HEALTHCARE WORKERS EAST

    and

LOCAL 713, INTERNATIONAL BROTHEROOD OF
TRADES UNIONS

    and

BUDGET SERVICES, INC.

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD OF
TRADES UNION

    and

1199 SEIU UNITED HEALTHCARE WORKERS EAST

<u>ORDER EXTENDING TIME TO FILE ANSWER</u>

**IT IS HEREBY ORDERED** that the time within which Respondents Confidence and

SC & BP may file an answer to the Complaint and Notice of Hearing in the above-entitled matter

is hereby extended to **September 19, 2014.**

**Dated at New York, New York**
**September 12, 2014**

Karen P. Fernbach
Regional Director
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278-0104



UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,        Case Nos. 2-CA-089480
INC., AND COMMERCIAL BUILDING                         2-CA-095670
MAINTENANCE CORP.

                        Respondents,

    and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST

                      Charging Party,

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS,

                      Party to the contract,

    and

BUDGET SERVICES INC.,

                      Party to the contract,

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS,

                      Respondent,

    and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST

                      Charging Party,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER TO CONSOLIDATED COMPLAINT

Respondent, Sprain Brook Manor Rehab, LLC ("Respondent" or "Sprain Brook")

through its attorneys Kaufman Dolowich & Voluck, LLP, answers the allegations of the

Consolidated Complaint as follows:



GOVERNMENT
EXHIBIT

C

1.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, except to admit that a charge was filed and Respondent was served with a copy of the charge in this proceeding.

2.    Respondent admits the allegations set forth in Paragraph 2(a)(i) of the Complaint.

3.    Respondent denies the allegations set forth in Paragraph 2(a)(ii) of the Complaint.

4.    Respondent denies the allegations set forth in Paragraph 2(a)(iii) of the Complaint.

5.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(b)(i) of the Complaint.

6.    Respondent admits the allegations set forth in Paragraph 2(b)(ii) of the Complaint.

7.    Respondent denies the allegations set forth in Paragraph 2(b)(iii) of the Complaint.

8.    Respondent denies the allegations set forth in Paragraph 2(b)(iv) of the Complaint.

9.    Respondent denies the allegations set forth in Paragraph 2(b)(v) of the Complaint.

10.    Respondent denies the allegations set forth in Paragraph 2(b)(vi) of the Complaint.

11.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(c)(i) of the Complaint.

12.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(c)(ii) of the Complaint.

13.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(c)(iii)(A) of the Complaint.

14.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(c)(iii)(B) of the Complaint.

15.    Respondent denies the allegations set forth in Paragraph 2(c)(iv) of the Complaint.

16.    Respondent denies the allegations set forth in Paragraph 2(c)(v) of the Complaint.

17.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(d)(i) of the Complaint.

18.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(d)(ii) of the Complaint.

19.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(d)(iii) of the Complaint.

20.    Respondent neither admits nor denies the allegations set forth in Paragraph 3(a)(i) of the Complaint as they are not statements of facts but conclusions of law; but will stipulate to same for purposes of this Complaint.

3

21.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3(a)(ii) of the Complaint.

22.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3(a)(iii) of the Complaint.

23.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3(a)(iv) of the Complaint.

24.    Respondent denies the allegations set forth in Paragraph 3(b)(i) of the Complaint.

25.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3(b)(ii) of the Complaint.

26.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3(b)(iii) of the Complaint.

27.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3(b)(iv) of the Complaint.

28.    Respondent neither admits nor denies the allegations set forth in Paragraph 4(a) of the Complaint as they are not statements of facts but conclusions of law.

29.    Respondent neither admits nor denies the allegations set forth in Paragraph 4(b) of the Complaint as they are not statements of facts but conclusions of law.

30.    Respondent denies the allegations set forth in Paragraph 5 of the Complaint.

4

31. Respondent denies the allegations set forth in Paragraph 6(a)(i) of the Complaint to the extent that it is alleged that Respondent has any bargaining obligation with regard to said unit; Respondent will stipulate that the stated unit was previously certified by the NLRB as it related to Sprain Brook Manor Nursing Home, LLC.

32. Respondent admits the allegations set forth in Paragraph 6(a)(ii) of the Complaint.

33. Respondent admits the allegations set forth in Paragraph 6(a)(iii) of the Complaint.

34. Respondent denies the allegations set forth in Paragraph 6(b)(i) of the Complaint.

35. Respondent denies the allegations set forth in Paragraph 6(b)(ii) of the Complaint.

36. Respondent denies the allegations set forth in Paragraph 6(c)(i) of the Complaint.

37. Respondent denies the allegations set forth in Paragraph 6(c)(ii) of the Complaint.

38. Respondent denies the allegations set forth in Paragraph 6(c)(iii) of the Complaint.

39. Respondent denies the allegations set forth in Paragraph 6(d)(i) of the Complaint.

40. Respondent denies the allegations set forth in Paragraph 6(d)(ii) of the Complaint.

41.   Respondent denies the allegations set forth in Paragraph 6(d)(iii) of the Complaint.

42.   Respondent denies the allegations set forth in Paragraph 6(e)(i) of the Complaint.

43.   Respondent denies the allegations set forth in Paragraph 6(e)(ii) of the Complaint.

44.   Respondent denies the allegations set forth in Paragraph 6(e)(iii) of the Complaint.

45.   Respondent denies the allegations set forth in Paragraph 6(f)(i) of the Complaint.

46.   Respondent denies the allegations set forth in Paragraph 6(f)(ii) of the Complaint.

47.   Respondent denies the allegations set forth in Paragraph 6(f)(iii) of the Complaint.

48.   Respondent denies the allegations set forth in Paragraph 6(g)(i) of the Complaint.

49.   Respondent denies the allegations set forth in Paragraph 6(g)(ii) of the Complaint.

50.   Respondent denies the allegations set forth in Paragraph 6(g)(iii) of the Complaint.

51.   Respondent neither admits nor denies the allegations set forth in Paragraph 7(a)(i)(A)-(C) of the Complaint; but respectfully refers the Board to the

6

documents, the terms of which speak for themselves. Respondent denies that it has any obligation to bargain with the Union.

52. Respondent denies the allegations set forth in Paragraph 7(a)(ii) of the Complaint.

53. Respondent denies the allegations set forth in Paragraph 7(a)(iii) of the Complaint.

54. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7(b)(i) of the Complaint.

55. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7(b)(ii) of the Complaint.

56. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7(c)(i) of the Complaint.

57. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7(c)(ii) of the Complaint.

58. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7(d)(i) of the Complaint.

59. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7(d)(ii) of the Complaint.

60. Respondent neither admits nor denies the allegations set forth in Paragraph 8(a)(i) of the Complaint; but respectfully refers the Board to the document, the terms of which speak for themselves. Respondent denies that it has any obligation to bargain with the Union.

7

61. Respondent neither admits nor denies the allegations set forth in Paragraph 8(a)(ii) of the Complaint; but respectfully refers the Board to the document, the terms of which speak for themselves. Respondent denies that it has any obligation to bargain with the Union.

62. Respondent neither admits nor denies the allegations set forth in Paragraph 8(a)(iii) of the Complaint; but respectfully refers the Board to the document, the terms of which speak for themselves. Respondent denies that it has any obligation to bargain with the Union.

63. Respondent neither admits nor denies the allegations set forth in Paragraph 8(a)(iv) of the Complaint; but respectfully refers the Board to the document, the terms of which speak for themselves. Respondent denies that it has any obligation to bargain with the Union.

64. Respondent neither admits nor denies the allegations set forth in Paragraph 8(b) of the Complaint as they are not statements of facts but conclusions of law.

65. Respondent denies the allegations set forth in Paragraph 8(c) of the Complaint.

66. Respondent denies the allegations set forth in Paragraph 8(d)(i) of the Complaint.

67. Respondent denies the allegations set forth in Paragraph 8(d)(ii) of the Complaint.

68. Respondent denies the allegations set forth in Paragraph 8(d)(iii) of the Complaint.

8

69.  Respondent denies the allegations set forth in Paragraph 8€ of the Complaint.

70.  Respondent denies the allegations set forth in Paragraph 9(a)(i) of the Complaint.

71.  Respondent denies the allegations set forth in Paragraph 9(a)(ii) of the Complaint.

72.  Respondent denies the allegations set forth in Paragraph 9(a)(iii) of the Complaint.

73.  Respondent denies the allegations set forth in Paragraph 9(b)(i) of the Complaint.

74.  Respondent denies the allegations set forth in Paragraph 9(b)(ii) of the Complaint.

75.  Respondent denies the allegations set forth in Paragraph 9(b)(iii) of the Complaint.

76.  Respondent denies the allegations set forth in Paragraph 9(c)(i) of the Complaint.

77.  Respondent denies the allegations set forth in Paragraph 9(c)(ii) of the Complaint.

78.  Respondent denies the allegations set forth in Paragraph 9(c)(iii) of the Complaint.

79.  Respondent denies the allegations set forth in Paragraph 10(a) of the Complaint.

9

80.    Respondent denies the allegations set forth in Paragraph 10(b) of the Complaint.

81.    Respondent denies the allegations set forth in Paragraph 10(c) of the Complaint.

82.    Respondent denies the allegations set forth in Paragraph 10(d) of the Complaint.

83.    Respondent denies the allegations set forth in Paragraph 10(e) of the Complaint.

84.    Respondent denies the allegations set forth in Paragraph 10(f) of the Complaint.

85.    Respondent denies the allegations set forth in Paragraph 10(g) of the Complaint.

86.    Respondent denies the allegations set forth in Paragraph 10(h) of the Complaint.

87.    Respondent denies the allegations set forth in Paragraph 10(i) of the Complaint.

88.    Respondent denies the allegations set forth in Paragraph 10(j) of the Complaint.

89.    Respondent denies the allegations set forth in Paragraph 10(k) of the Complaint.

90.    Respondent denies the allegations set forth in Paragraph 11(a) of the Complaint.

10

91.    Respondent denies the allegations set forth in Paragraph 11(b) of the Complaint.

92.    Respondent denies the allegations set forth in Paragraph 11(c) of the Complaint.

93.    Respondent denies the allegations set forth in Paragraph 12 of the Complaint.

94.    Respondent denies the allegations set forth in Paragraph 13(a) of the Complaint.

95.    Respondent denies the allegations set forth in Paragraph 13(b) of the Complaint.

96.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13(c) of the Complaint.

97.    Respondent denies the allegations set forth in Paragraph 14(a)(i) of the Complaint.

98.    Respondent denies the allegations set forth in Paragraph 14(a)(ii) of the Complaint.

99.    Respondent denies the allegations set forth in Paragraph 14(a)(iii) of the Complaint.

100.    Respondent denies the allegations set forth in Paragraph 14(b)(i) of the Complaint.

101.    Respondent denies the allegations set forth in Paragraph 14(b)(ii) of the Complaint.

11

102.    Respondent denies the allegations set forth in Paragraph 14(b)(iii) of the Complaint.

103.    Respondent denies the allegations set forth in Paragraph 14(b)(iv) of the Complaint.

104.    Respondent denies the allegations set forth in Paragraph 14(c)(i) of the Complaint.

105.    Respondent denies the allegations set forth in Paragraph 14(c)(ii) of the Complaint.

106.    Respondent denies the allegations set forth in Paragraph 14(c)(iii) of the Complaint.

107.    Respondent denies the allegations set forth in Paragraph 15 of the Complaint.

108.    Respondent denies the allegations set forth in Paragraph 16 of the Complaint.

109.    Respondent denies the allegations set forth in Paragraph 17 of the Complaint.

110.    Respondent denies the allegations set forth in Paragraph 18 of the Complaint.

111.    Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

112.    Respondent denies the allegations set forth in Paragraph 20 of the Complaint.

12

WHEREFORE, Respondent prays that the Complaint be dismissed in its entirety.

Dated:      Woodbury, New York
            August 28, 2014

                    Kaufman Dolowich & Voluck, LLP
                    *Attorneys for Respondent*

                    Jeffery A. Meyer, Esq.
                    135 Crossways Park Drive, Suite 201
                    Woodbury, New York 11797
                    (516) 681-1100

To:    [SERVICE LIST]

ND: 4844-8299-7021, v. 1

13

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC.,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERCIAL BUILDING
MAINTENANCE CORP.

Respondents

Case #: 02-CA-089480

and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST,

Charging party

and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS,

Party to the contract

and

BUDGET SERVICES INC.

Party to the Contract

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS,

Respondent

Case #: 02-CB-095670

and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST,

Charging party

## ANSWER and AFFIRMATIVE DEFENSES

Local 713, International Brotherhood of Trade Unions, by its attorneys Bryan C.

McCarthy Esq. and Associates, P.C., as and for it's answer and affirmative defenses to

the Complaint herein, avers as follows:



GOVERNMENT
EXHIBIT
D

1.    Denies knowledge of information sufficient to form a belief as to the truth of the allegation(s) in Paragraphs 1(a) – (c) of the Complaint and Admits the allegation(s) in Paragraph(s) 1 (d) – (f) of the Complaint.

2.    Denies knowledge of information sufficient to form a belief as to the truth of the allegation(s) in Paragraph(s) 2, including all subparagraphs thereof of the Complaint.

3.    Denies knowledge of information sufficient to form a belief as to the truth of the allegation(s) in Paragraph 3, including all subparagraphs thereof, of the Complaint.

4.    Admits the allegation(s) in Paragraph(s) 4(a) & (b) of the Complaint.

5.    Denies knowledge of information sufficient to form a belief as to the truth of the allegation(s) in Paragraph(s) 5 of the Complaint.

6.    Denies knowledge of information sufficient to form a belief as to the truth of the allegation(s) in Paragraph(s) 6(a), including all subparagraphs thereof, (b), including all subparagraphs thereof, denies knowledge of information sufficient to form a belief as to the truth of the allegation in 6(c)(i), denies the allegations in 6(c)(ii) & (iii), denies knowledge of information sufficient to form a belief as to the truth the allegation in 6)(d)(i), denies the allegations in paragraph(s) 6(ii) & (iii), denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6(e)(i) of the Complaint, denies the allegations in paragraphs 6(e) (ii) & (iii), denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 6(f)(i), denies the allegations in paragraphs 6(f)(ii) & (iii), denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 6(g)(i) and denies the allegations in paragraphs 6(g)(ii) and (iii).

7.    Denies knowledge of information sufficient to form a belief as to the allegations in paragraph 7, and all subparagraphs thereof, of the Complaint.

8.    Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph(s) 8(a)(i)-(iv), (b),(c),(d), including all of the subparagraphs thereof, and (e) of the Complaint.

9.    Denies knowledge of information sufficient to form a belief as to the truth of the allegation(s) in Paragraph 9(a)(i) of the Complaint, denies knowledge of information sufficient to form a belief as to the truth of the allegation(s) in paragraph 9(a)(ii), objects to the allegations in paragraph 9(a)(ii) as those allegations relate to "subjects set forth in sub-paragraph (a)(i)" and there are no allegations regarding the specific subjects of the intended meetings in connection with which access was denied, denies knowledge of information

2

sufficient to form a belief as to the truth of the allegations in paragraph(s) 9(b)(i), deny the allegations in Paragraph(s) 9(b)(ii) but admit the allegations in paragraph 9(b)(ii) as the allegation(s) relate to the subjects set forth in paragraph(s) 9(b)(i), deny knowledge of information sufficient to form a belief as to the truth of the allegation(s) in paragraph(s) 9(b)(iii), deny knowledge of information sufficient to form a belief as to the allegations in paragraph(s) 9(c)(i), admit the allegations in paragraph(s) 9(c)(ii), deny knowledge of information sufficient to form a belief as to the allegations contained in paragraph(s) 9(c)(iii), of the Complaint.

10. Denies the allegations in paragraph(s) 10, including all of the subparagraphs thereof, in the Complaint.

11. Denies the allegations in Paragraph 11, including all subparagraphs thereof, of the Complaint.

12. Denies the allegations in Paragraph 12 of the Complaint.

13. Denies the allegations in Paragraph 13, including all subparagraphs thereof, of the Complaint.

14. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 14, including all subparagraphs thereof, in the Complaint.

15. Denies the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

17. Denies the allegations in paragraph 17 of the Complaint

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

21. The claims and allegations in the Complaint are barred because they are barred by the six (6) month statute of limitations incorporated in Section 10(b) of the Act.

22. Some or all of the claims and allegations contained in the Complaint are barred by the doctrine or defenses of waiver, estoppel, laches, unclean hands and bad faith.

3

23.     Throughout the period of time, and prior thereto, the Respondent Employer(s) properly recognized and bargained with Local 713, IBOTU as the exclusive collective bargaining representative of the unit employees.

WHEREFORE, the interested party/Respondent, Local 713, IBOTU, requests that the Complaint herein be dismissed in its entirety.

Dated: August 26, 2014

Bryan C. McCarthy, Esq.
Bryan C. McCarthy Esq. and Associates, P.C.
Attorneys for Respondent Local 713, IBOTU
1454 Route 22, Suite B101
Brewster, New York 10509
845.363.1441 (office)
845.582.0698 (fax)
914.588.4480 (cell)

4

## CERTICATE OF SERVICE

Sheri D. Preece, an attorney duly admitted to practice in the state of New York, affirms, under the penalties of perjury, that on the 26th day of August, 2014, the foregoing Answer and Affirmative Defenses was served via U.S. First Class Mail addressed below as follows:

Jeffrey A. Meyer, Esq.
Kaufman Dolowich & Voluck, P.C.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797-2005

David Jasinski. Esq.
Jasinski P.C.
60 Park Place, Suite 8
Newark, NJ 07102-5504

Clifford Chaiet, Esq.
Naness, Chaiet & Naness, LLC
375 North Broadway, Suite 202
Jericho, New York 11753-2008

Stuart Weinberger, Esq.
Goldberg & Weinberger
630 Third Avenue, 18th Floor
New York, New York 1007-6705

Avrom R. Vann
425 Lexington Avenue, Suite 2806
New York, New York 10170

Sheri D. Preece, Esq.

5

## UNITED STATES OF AMERICA
### BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 2

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERCIAL BUILDING
MAINTENANCE CORP.

    and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADES UNIONS

    and

BUDGET SERVICES, INC. AND LOCAL 713,
INTERNATIONAL BROTHERHOOD OF TRADE
UNIONS

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADES UNIONS

    and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST

Case Nos. 02-CA-089480
02-CA-095670

**AFFIDAVIT OF SERVICE OF ORDER EXTENDING TIME TO FILE ANSWER**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on , I served the above-entitled document(s) by **regular mail** upon the following persons, addressed to them at the following addresses:



GOVERNMENT EXHIBIT

5

Sprain Brook Manor Nursing Home
Robert Klein
77 Jackson Ave
Scarsdale, NY 10583

Jeffrey A. Meyer, Esq.
Kaufman Dolowich & Voluck LLP
135 Crossways Park Dr Ste 201
Woodbury, NY 11797-2005

Sprain Brook Manor Rehab, LLC
Ari Stein
77 Jackson Ave
Scarsdale, NY 10583

Cathy Myer, Human Resources
Budget Services, Inc.
129 S 8th St
Brooklyn, NY 11211-6119

Avrom R. Vann
420 Lexington Avenue, Suite 2806
New York, NY 10170

George Gresham, President
1199 SEIU United Healthcare Workers East
131 West 33rd Street, 4th Floor
New York, NY 10001

William S. Massey, Esq.
Gladstein, Reif & Meginnis, LLP
817 Broadway Fl 6
New York, NY 10003-4709

Judith A. Scott, General Counsel
Service Employees International Union
1800 Massachusetts Ave NW
Washington, DC 20036-1806

Peter Hasho, President
Local 713, International Brotherhood
of Trade Unions
400 Garden City Plz Ste 106
Garden City, NY 11530-3336

Sheri D. Preece, Esq.
Bryan C. McCarthy & Associates, P.C.
201 W Valley Stream Blvd
Valley Stream, NY 11580-5538

David F. Jasinski , Esq.
Jasinski P.C.
10 Park Pl Fl 8
Newark, NJ 07102-4412

Pinnacle Dietary, Inc.
50 Jeanne Drive
Newburgh, NY 12550

Clifford Chaiet, Esq.
Naness, Chaiet & Naness, LLC
375 N Broadway Ste 202
Jericho, NY 11753-2008

Commercial Building Maintenance Corp
40 Oak Dr
Syosset, NY 11791-4619

Brian Powers, VP Of Operations
Confidence Management Systems
1420 E Linden Ave
Linden, NJ 07036-1506

Stuart Weinberger, Esq.
Goldberger & Weinberger
630 Third Avenue, 18th Floor
New York, NY 10017-6705

SC & BP Services, Inc.
1055 63rd St
Brooklyn, NY 11219-5114

| August 20, 2014 | Lisa Coleman, Designated Agent of NLRB |
| Date | Name |

Signature

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 2**

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERCIAL BUILDING MAINTENANCE
CORP.

and                                              Case Nos. 02-CA-089480
                                                          02-CB-095670

1199 SEIU UNITED HEALTHCARE WORKERS EAST

and

LOCAL 713, INTERNATIONAL BROTHERHOOD OF
TRADES UNIONS

and

BUDGET SERVICES, INC.

and

LOCAL 713, INTERNATIONAL BROTHERHOOD OF
TRADES UNION

and

1199 SEIU UNITED HEALTHCARE WORKERS EAST

### ORDER EXTENDING TIME TO FILE ANSWER

**IT IS HEREBY ORDERED** that the time within which Respondent Sprain Brook Manor Rehab, LLC

may file an answer to the Complaint and Notice of Hearing in the above-entitled matter is hereby

extended to **August 28, 2014.**

**Dated at New York, New York**
August 20, 2014

**Elbert F. Tellem**
**Acting Regional Director**
**National Labor Relations Board**
**Region 2**
**26 Federal Plaza, Room 3614**
**New York, NY 10278-0104**



GOVERNMENT
EXHIBIT

F

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC,          Case 02-CA-089480
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERCIAL BUILDING
MAINTENANCE CORP.,
                    Respondents,

and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST,
                    Charging party,

and

LOCAL 713, INTERNATIONAL
BROTHERHOOD OF TRADE UNIONS,
                    Party to the contract,

and

BUDGET SERVICES INC.,
                    Party to the contract,

LOCAL 713, INTERNATIONAL
BROTHERHOOD OF TRADE UNIONS,
                    Respondent,

and                                      Case 02-CB-095670

1199 SEIU UNITED HEALTHCARE WORKERS
EAST,
                    Charging party.


ANSWER TO ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT
AND NOTICE OF HEARING


Respondent Pinnacle Dietary Inc., by its attorneys JASINSKI, P.C., by way of answer to

the Order Consolidating Cases, Consolidated Complaint and Notice of Hearing (hereinafter, the

"Complaint") respectfully states:



1.    Admits the allegations set forth in Paragraph 1 of the Complaint.

2.    Denies information and belief regarding the allegations set forth in Paragraph 2(a)(i) of the Complaint.

3.    Denies information and belief regarding the allegations set forth in Paragraph 2(a)(ii) of the Complaint.

4.    Denies information and belief regarding the allegations set forth in Paragraph 2(a)(iii) of the Complaint.

5.    Admits the allegations set forth in Paragraphs 2(b)(i) of the Complaint.

6.    Admits the allegations set forth in Paragraphs 2(b)(ii) of the Complaint.

7.    Denies the allegations set forth in Paragraph 2(b)(iii) of the Complaint.

8.    Denies the allegations set forth in Paragraph 2(b)(iv) of the Complaint.

9.    Denies the allegations set forth in Paragraph 2(b)(v), except admits that Pinnacle entered into a contract with Sprain Brook Rehab.

10.    Denies the allegations set forth in Paragraph 2(b)(vi) of the Complaint.

11.    Denies information and belief regarding the allegations set forth in Paragraph 2(c)(i) of the Complaint.

12.    Denies information and belief regarding the allegations set forth in Paragraph 2(c)(ii) of the Complaint.

13.    Denies information and belief regarding the allegations set forth in Paragraph 2(c)(iii)(A) of the Complaint.

14.    Denies information and belief regarding the allegations set forth in Paragraph 2(c)(iii)(B) of the Complaint.

15. Denies information and belief regarding the allegations set forth in Paragraph 2(c)(iv) of the Complaint.

16. Denies information and belief regarding the allegations set forth in Paragraph 2(c)(v) of the Complaint.

17. Denies information and belief regarding the allegations set forth in Paragraph 2(d)(i) of the Complaint.

18. Denies information and belief regarding the allegations set forth in Paragraph 2(d)(ii) of the Complaint.

19. Denies information and belief regarding the allegations set forth in Paragraph 2(d)(iii) of the Complaint.

20. Denies information and belief regarding the allegations set forth in Paragraph 3(a)(i) of the Complaint.

21. Admits the allegations set forth in Paragraph 3(a)(ii) of the Complaint.

22. Denies information and belief regarding the allegations set forth in Paragraph 3(a)(iii) of the Complaint.

23. Denies information and belief regarding the allegations set forth in Paragraph 3(a)(iv) of the Complaint.

24. Denies information and belief regarding the allegations set forth in Paragraph 3(b)(i) of the Complaint.

25. Admits the allegations set forth in Paragraph 3(b)(ii) of the Complaint.

26. Denies information and belief regarding the allegations set forth in Paragraph 3(b)(iii) of the Complaint.

3

27. Denies information and belief regarding the allegations set forth in Paragraph 3(b)(iv) of the Complaint.

28. Admits the allegations set forth in Paragraph 4(a) of the Complaint.

29. Admits the allegations set forth in Paragraph 4(b) of the Complaint.

30. Denies information and belief regarding the allegations set forth in Paragraph 5 of the Complaint, except denies that (f) Steven Lopez and (o) Samantha Ward were employed by both Pinnacle and Sprain Brook Rehab as indicated in the chart.

### 9(a) STATUS

31. Denies information and belief regarding the allegations set forth in Paragraph 6(a)(i) of the Complaint.

32. Denies information and belief regarding the allegations set forth in Paragraph 6(a)(ii) of the Complaint.

33. Denies information and belief regarding the allegations set forth in Paragraph 6(a)(iii) of the Complaint.

34. Denies information and belief regarding the allegations set forth in Paragraph 6(b)(i) of the Complaint.

35. Denies information and belief regarding the allegations set forth in Paragraph 6(b)(ii) of the Complaint.

36. Denies information and belief regarding the allegations set forth in Paragraph 6(c)(i) of the Complaint.

37. Denies information and belief regarding the allegations set forth in Paragraph 6(c)(ii) of the Complaint.

38. Denies the allegations set forth in Paragraph 6(c)(iii) of the Complaint.

4

39.     Denies information and belief regarding the allegations set forth in Paragraph 6(d)(i) of the Complaint.

40.     Denies information and belief regarding the allegations set forth in Paragraph 6(d)(ii) of the Complaint.

41.     Denies the allegations set forth in Paragraph 6(d)(iii) of the Complaint.

42.     Denies information and belief regarding the allegations set forth in Paragraph 6(e)(i) of the Complaint.

43.     Denies information and belief regarding the allegations set forth in Paragraph 6(e)(ii) of the Complaint.

44.     Denies information and belief regarding the allegations set forth in Paragraph 6(e)(iii) of the Complaint.

45.     Denies information and belief regarding the allegations set forth in Paragraph 6(f)(i) of the Complaint.

46.     Denies information and belief regarding the allegations set forth in Paragraph 6(f)(ii) of the Complaint.

47.     Denies information and belief regarding the allegations set forth in Paragraph 6(g)(i) of the Complaint.

48.     Denies information and belief regarding the allegations set forth in Paragraph 6(g)(ii) of the Complaint.

49.     Denies information and belief regarding the allegations set forth in Paragraph 6(g)(iii) of the Complaint.

## REFUSALS TO RECOGNIZE AND BARGAIN

50.    Denies information and belief regarding the allegations set forth in Paragraph 7(a)(i) of the Complaint.

51.    Denies information and belief regarding the allegations set forth in Paragraph 7(a)(ii) of the Complaint.

52.    Denies information and belief regarding the allegations set forth in Paragraph 7(a)(iii) of the Complaint.

53.    Denies the allegations set forth in Paragraph 7(b)(i) of the Complaint.

54.    Denies the allegations set forth in Paragraph 7(b)(ii) of the Complaint.

55.    Denies information and belief regarding the allegations set forth in Paragraph 7(c)(i) of the Complaint.

56.    Denies information and belief regarding the allegations set forth in Paragraph 7(c)(ii) of the Complaint.

57.    Denies information and belief regarding the allegations set forth in Paragraph 7(d)(i) of the Complaint.

58.    Denies information and belief regarding the allegations set forth in Paragraph 7(d)(ii) of the Complaint.

## UNILATERAL CHANGES AND DISCRIMINATORY CONDUCT RELATED TO CONTRACTING UNIT WORK

59.    Denies the allegations set forth in Paragraph 8(a)(i) of the Complaint, except admits that Sprain Brook Rehab and Pinnacle entered into a contract.

60.    Denies information and belief regarding the allegations set forth in Paragraph 8(a)(ii) of the Complaint.

6

61.     Denies information and belief regarding the allegations set forth in Paragraph 8(a)(iii) of the Complaint.

62.     Denies information and belief regarding the allegations set forth in Paragraph 8(a)(iv) of the Complaint.

63.     Denies the allegations set forth in Paragraph 8(b) of the Complaint.

64.     Denies information and belief regarding the allegations set forth in Paragraph 8(c) of the Complaint.

65.     Denies information and belief regarding the allegations set forth in Paragraph 8(d)(i) of the Complaint.

66.     Denies information and belief regarding the allegations set forth in Paragraph 8(d)(ii) of the Complaint.

67.     Denies information and belief regarding the allegations set forth in Paragraph 8(d)(iii) of the Complaint.

68.     Denies the allegations set forth in Paragraph 8(e) of the Complaint.

## OTHER UNILATERAL CHANGES

69.     Denies information and belief regarding the allegations set forth in Paragraph 9(a)(i) of the Complaint.

70.     Denies the allegations set forth in Paragraph 9(a)(ii) of the Complaint.

71.     Denies information and belief regarding the allegations set forth in Paragraph 9(a)(iii) of the Complaint.

72.     Denies the allegations set forth in Paragraph 9(b)(i) of the Complaint.

73.     Denies the allegations set forth in Paragraph 9(b)(ii) of the Complaint.

74.     Denies the allegations set forth in Paragraph 9(b)(iii) of the Complaint.

7

75.     Denies information and belief regarding the allegations set forth in Paragraph 9(c)(i) of the Complaint.

76.     Denies the allegations set forth in Paragraph 9(c)(ii) of the Complaint.

77.     Denies the allegations set forth in Paragraph 9(c)(iii) of the Complaint.

## UNLAWFUL ASSISTANCE

78.     Denies information and belief regarding the allegations set forth in Paragraph 10(a) of the Complaint.

79.     Denies information and belief regarding the allegations set forth in Paragraph 10(b) of the Complaint.

80.     Denies the allegations set forth in Paragraph 10(c) of the Complaint.

81.     Denies the allegations set forth in Paragraph 10(d) of the Complaint.

82.     Denies the allegations set forth in Paragraph 10(e) of the Complaint.

83.     Denies the allegations set forth in Paragraph 10(f) of the Complaint.

84.     Denies the allegations set forth in Paragraph 10(g) of the Complaint.

85.     Denies information and belief regarding the allegations set forth in Paragraph 10(h) of the Complaint.

86.     Denies information and belief regarding the allegations set forth in Paragraph 10(i) of the Complaint.

87.     Denies the allegations set forth in Paragraph 10(j) of the Complaint.

88.     Denies the allegations set forth in Paragraph 10(k) of the Complaint.

## UNLAWFUL RECOGNITION

89.     Denies information and belief regarding the allegations set forth in Paragraph 11(a) of the Complaint.

90.     Denies information and belief regarding the allegations set forth in Paragraph 11(b) of the Complaint.

91.     Denies information and belief regarding the allegations set forth in Paragraph 11(c) of the Complaint.

## UNLAWFUL DUES DEDUCTION AND REMITTANCE

92.     Denies information and belief regarding the allegations set forth in Paragraph 12 of the Complaint.

93.     Denies information and belief regarding the allegations set forth in Paragraph 12 of the Complaint.

## UNLAWFUL CONDUCT BY RESPONDENT UNION

94.     Denies the allegations set forth in Paragraph 13(a) of the Complaint.

95.     Denies information and belief regarding the allegations set forth in Paragraph 13(b) of the Complaint.

96.     Denies information and belief regarding the allegations set forth in Paragraph 13(c) of the Complaint.

## DISCRIMINATORY INDIVIDUAL DISCHARGES

97.     Denies the allegations set forth in Paragraph 14(a)(i) of the Complaint.

98.     Denies the allegations set forth in Paragraph 14(a)(ii) of the Complaint.

99.     Denies the allegations set forth in Paragraph 14(a)(iii) of the Complaint.

100.    Denies information and belief regarding the allegations set forth in Paragraph 14(b)(i) of the Complaint.

101.    Denies information and belief regarding the allegations set forth in Paragraph 14(b)(ii) of the Complaint.

9

102. Denies information and belief regarding the allegations set forth in Paragraph 14(b)(iii) of the Complaint.

103. Denies information and belief regarding the allegations set forth in Paragraph 14(b)(iv) of the Complaint.

104. Denies the allegations set forth in Paragraph 14(c)(i) of the Complaint.

105. Denies the allegations set forth in Paragraph 14(c)(ii) of the Complaint.

106. Denies the allegations set forth in Paragraph 14(c)(iii) of the Complaint.

## CONCLUSIONS

107. Denies the allegations set forth in Paragraph 15 of the Complaint.

108. Denies the allegations set forth in Paragraph 16 of the Complaint.

109. Denies the allegations set forth in Paragraph 17 of the Complaint.

110. Denies the allegations set forth in Paragraph 18 of the Complaint.

111. Denies the allegations set forth in Paragraph 19 of the Complaint.

112. Denies the allegations set forth in Paragraph 20 of the Complaint.

113. Denies the relief requested in the unnumbered WHEREFORE clauses of the Complaint.

WHEREFORE, having fully answered all counts of the Complaint, Respondent respectfully requests that the Order Consolidating Cases, Consolidated Complaint and Notice of Hearing be dismissed in its entirety.

Dated: August 14, 2014                                    Respectfully submitted,

                                                         JASINSKI, P.C.
                                                         Attorneys for Pinnacle Dietary Inc.

                                                         By: _____
                                                              DAVID F. JASINSKI

10

**CERTIFICATE OF SERVICE**

The undersigned, hereby certifies that he caused a true and accurate copy of the foregoing

of Answer to the Order Consolidating Cases, Consolidated Complaint and Notice of Hearing to be

served on August 14, 2014 via regular mail upon:

Jeffrey A. Meyer, Esq.
Kaufman Dolowich & Voluck LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797-2005

Arvom R. Vann
420 Lexington Avenue, Suite 2806
New York, NY 10170

Clifford Chaiet, Esq.
Naness, Chaiet & Naness, LLC
375 N. Broadway, Suite 202
Jericho, NY 11753-2008

Stuart Weinberger, Esq.
Goldberg & Weinberger
630 Third Avenue, 18th floor
New York, NY 10017-6705

Sheri D. Preece, Esq.
Bryan C. McCarthy & Associates, P.C.
201 W. Valley Stream Blvd.
Valley Stream, NY 11582-5538

_____
DAVID F. JASINSKI

11

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 2**

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERCIAL BUILDING
MAINTENANCE CORP.

    and                              Case Nos. 02-CA-089480
                                                        02-CA-095670

1199 SEIU UNITED HEALTHCARE WORKERS
EAST

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADES UNIONS

    and

BUDGET SERVICES, INC. AND LOCAL 713,
INTERNATIONAL BROTHERHOOD OF TRADE
UNIONS

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADES UNIONS

    and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST

**AFFIDAVIT OF SERVICE OF ORDER EXTENDING TIME TO FILE ANSWER**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on , I served the above-entitled document(s) by **regular mail** upon the following persons, addressed to them at the following addresses:



GOVERNMENT
EXHIBIT

H

Sprain Brook Manor Nursing Home
Robert Klein
77 Jackson Ave
Scarsdale, NY 10583

Jeffrey A. Meyer, Esq.
Kaufman Dolowich & Voluck LLP
135 Crossways Park Dr Ste 201
Woodbury, NY 11797-2005

Sprain Brook Manor Rehab, LLC
Ari Stein
77 Jackson Ave
Scarsdale, NY 10583

Cathy Myer, Human Resources
Budget Services, Inc.
129 S 8th St
Brooklyn, NY 11211-6119

Avrom R. Vann
420 Lexington Avenue, Suite 2806
New York, NY 10170

George Gresham, President
1199 SEIU United Healthcare Workers East
131 West 33rd Street, 4th Floor
New York, NY 10001

William S. Massey, Esq.
Gladstein, Reif & Meginnis, LLP
817 Broadway Fl 6
New York, NY 10003-4709

Judith A. Scott, General Counsel
Service Employees International Union
1800 Massachusetts Ave NW
Washington, DC 20036-1806

Peter Hasho, President
Local 713, International Brotherhood
of Trade Unions
400 Garden City Plz Ste 106
Garden City, NY 11530-3336

Sheri D. Preece, Esq.
Bryan C. McCarthy & Associates, P.C.
201 W Valley Stream Blvd
Valley Stream, NY 11580-5538

David F. Jasinski , Esq.
Jasinski P.C.
10 Park Pl Fl 8
Newark, NJ 07102-4412

Pinnacle Dietary, Inc.
50 Jeanne Drive
Newburgh, NY 12550

Clifford Chaiet, Esq.
Naness, Chaiet & Naness, LLC
375 N Broadway Ste 202
Jericho, NY 11753-2008

Commercial Building Maintenance Corp
40 Oak Dr
Syosset, NY 11791-4619

Brian Powers, VP Of Operations
Confidence Management Systems
1420 E Linden Ave
Linden, NJ 07036-1506

Stuart Weinberger, Esq.
Goldberger & Weinberger
630 Third Avenue, 18th Floor
New York, NY 10017-6705

SC & BP Services, Inc.
1055 63rd St
Brooklyn, NY 11219-5114

| August 14, 2014 | Lisa Coleman, Designated Agent of NLRB |
|---|---|
| Date | Name |

Signature

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERICAL BUILDING MAINTENANCE
CORP.

and                                    Case Nos. 02-CA-089480
                                                  02-CB-095670

1199 SEIU UNITED HEALTHCARE WORKERS EAST

and

LOCAL 713, INTERNATIONAL BROTHEROOD OF
TRADES UNIONS

and

BUDGET SERVICES, INC.

and

LOCAL 713, INTERNATIONAL BROTHERHOOD OF
TRADES UNION

and

1199 SEIU UNITED HEALTHCARE WORKERS EAST

## ORDER EXTENDING TIME TO FILE ANSWER

IT IS HEREBY ORDERED that the time within which Respondent Local 713 may file

an answer to the Complaint and Notice of Hearing in the above-entitled matter is hereby extended

to August 26, 2014.

Dated at New York, New York
August 14, 2014

Geoffrey E. Dunham
Acting Regional Director
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278-0104



GOVERNMENT
EXHIBIT

I

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERCIAL BUILDING
MAINTENANCE CORP.

   and            Case Nos. 02-CA-089480
                      02-CA-095670
1199 SEIU UNITED HEALTHCARE WORKERS
EAST

   and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADES UNIONS

   and

BUDGET SERVICES, INC. AND LOCAL 713,
INTERNATIONAL BROTHERHOOD OF TRADE
UNIONS

   and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADES UNIONS

   and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST

**AFFIDAVIT OF SERVICE OF ORDER EXTENDING TIME TO FILE ANSWER**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on , I served the above-entitled document(s) by **regular mail** upon the following persons, addressed to them at the following addresses:



GOVERNMENT
EXHIBIT

5

Sprain Brook Manor Nursing Home
Robert Klein
77 Jackson Ave
Scarsdale, NY 10583

Jeffrey A. Meyer, Esq.
Kaufman Dolowich & Voluck LLP
135 Crossways Park Dr Ste 201
Woodbury, NY 11797-2005

Sprain Brook Manor Rehab, LLC
Ari Stein
77 Jackson Ave
Scarsdale, NY 10583

Cathy Myer, Human Resources
Budget Services, Inc.
129 S 8th St
Brooklyn, NY 11211-6119

Avrom R. Vann
420 Lexington Avenue, Suite 2806
New York, NY 10170

George Gresham, President
1199 SEIU United Healthcare Workers East
131 West 33rd Street, 4th Floor
New York, NY 10001

William S. Massey, Esq.
Gladstein, Reif & Meginnis, LLP
817 Broadway Fl 6
New York, NY 10003-4709

Judith A. Scott,  General Counsel
Service Employees International Union
1800 Massachusetts Ave NW
Washington, DC 20036-1806

Peter Hasho, President
Local 713, International Brotherhood
of Trade Unions
400 Garden City Plz Ste 106
Garden City, NY 11530-3336

Sheri D. Preece, Esq.
Bryan C. McCarthy & Associates, P.C.
201 W Valley Stream Blvd
Valley Stream, NY 11580-5538

David F. Jasinski , Esq.
Jasinski P.C.
10 Park Pl Fl 8
Newark, NJ 07102-4412

Pinnacle Dietary, Inc.
50 Jeanne Drive
Newburgh, NY 12550

Clifford Chaiet, Esq.
Naness, Chaiet & Naness, LLC
375 N Broadway Ste 202
Jericho, NY 11753-2008

Commercial Building Maintenance Corp
40 Oak Dr
Syosset, NY 11791-4619

Brian Powers, VP Of Operations
Confidence Management Systems
1420 E Linden Ave
Linden, NJ 07036-1506

Stuart Weinberger, Esq.
Goldberger & Weinberger
630 Third Avenue, 18th Floor
New York, NY 10017-6705

SC & BP Services, Inc.
1055 63rd St
Brooklyn, NY 11219-5114

| August 12, 2014 | Lisa Coleman, Designated Agent of NLRB |
| Date | Name |

Signature

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERICAL BUILDING MAINTENANCE
CORP.

    and              Case Nos. 02-CA-089480
                        02-CB-095670

1199 SEIU UNITED HEALTHCARE WORKERS EAST

    and

LOCAL 713, INTERNATIONAL BROTHEROOD OF
TRADES UNIONS

    and

BUDGET SERVICES, INC.

    and

LOCAL 713, INTERNATIONAL BROTHERHOOD OF
TRADES UNION

    and

1199 SEIU UNITED HEALTHCARE WORKERS EAST

## ORDER EXTENDING TIME TO FILE ANSWER

IT IS HEREBY ORDERED that the time within which Respondents SC and BP Service

and Confidence Management Systems may file an answer to the Complaint and Notice of

Hearing in the above-entitled matter is hereby extended to **August 28, 2014.**

**Dated at New York, New York**
August 12, 2014

Geoffrey E. Dunham
Acting Regional Director
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278-0104

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERCIAL BUILDING
MAINTENANCE CORP.,
    Respondents

  -and-             Case No. 02-CA-089480

1199 SEIU, UNITED HEALTHCARE WORKERS
EAST,
    Charging Party

  -and-

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS,
    Party to the contract

  -and-

BUDGET SERVICES INC.
    Party to the contract

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS,
    Respondent

  -and-             Case No. 02-CB-095670

1199 SEIU, UNITED HEALTHCARE WORKERS
EAST,
    Charging Party

## ANSWER OF RESPONDENT COMMERCIAL BUILDING MAINTENANCE CORP. TO THE CONSOLIDATED COMPLAINT

1


GOVERNMENT EXHIBIT

K

Respondent Commercial Building Maintenance Corp., hereinafter referred to a "Respondent CBM", by its attorneys, Naness, Chaiet and Naness LLC, answers the Consolidated Complaint and alleges as follows:

1. Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Consolidated Complaint.

2. (a) Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2(a) of the Consolidated Complaint.

   (b) Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2(b) of the Consolidated Complaint.

   (c) Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2(c) of the Consolidated Complaint.

   (d) Respondent CBM admits the allegations in Paragraph 2(d)(i) of the Consolidated Complaint, but denies the allegations in Paragraphs 2(d)(ii) and (iii) of the Consolidated Complaint.

3. Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Consolidated Complaint but admits the allegations in Paragraphs 3(a)(iv) and 3(b)(iv) of the Consolidated Complaint.

4. Respondent CBM admits the allegations in Paragraph 4 of the Consolidated Complaint.

5. Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Consolidated Complaint.

6. Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Consolidated Complaint.

2

7.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Consolidated Complaint, but admits the allegations in Paragraph 7(d) of the Consolidated Complaint

8.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Consolidated Complaint but admits the allegations in Paragraph 8(a)(iv) of the Consolidated Complaint.

9.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Consolidated Complaint.

10.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Consolidated Complaint.

11.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Consolidated Complaint.

12.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Consolidated Complaint.

13.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Consolidated Complaint.

14.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Consolidated Complaint.

15.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Consolidated Complaint but deny the allegations in Paragraph 15 of the Consolidated Complaint insofar as those allegations may apply to or may implicate Respondent CBM.

3

16.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Consolidated Complaint but deny the allegations in Paragraph 16 of the Consolidated Complaint insofar as those allegations may apply to or may implicate Respondent CBM.

17.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Consolidated Complaint but deny the allegations in Paragraph 17 of the Consolidated Complaint insofar as those allegations may apply to or may implicate Respondent CBM.

18.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Consolidated Complaint but deny the allegations in Paragraph 18 of the Consolidated Complaint insofar as those allegations may apply to or may implicate Respondent CBM.

19.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Consolidated Complaint.

20.    Respondent CBM denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Consolidated Complaint but deny the allegations in Paragraph 20 of the Consolidated Complaint insofar as those allegations may apply to or may implicate Respondent CBM.

WHEREFORE Respondent CBM respectfully requests that the Consolidated Complaint be dismissed insofar as the Consolidated Complaint applies to Respondent CBM.

Dated at Jericho, New York
This 6th day of August, 2014

4

Respectfully submitted,

Clifford P. Chaiet
Naness, Chaiet & Naness LLC
375 North Broadway, Suite 202
Jericho, New York 11753

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC, PINNACLE
DIETARY INC., CONFIDENCE MANAGEMENT
SYSTEMS, SC & BP SERVICE, INC., AND COMMERCIAL
BUILDING MAINTENANCE CORP.,

              Respondents

    -  and -                              Case No. 02-CA-089480

1199 SEIU, UNITED HEALTHCARE WORKERS
EAST,

              Charging Party

    -  and -

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS,

              Party to the contract

    -  and —

BUDGET SERVICES INC.

              Party to the contract

    -  and —

LOCAL 713 INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS,

              Respondent

    -  and -                              Case No. 02-CB-095670

1199 SEIU, UNITED HEALTHCARE WORKERS
EAST,

              Charging Party.

## AFFIDAVIT OF SERVICE

Maura T. Celentano being duly sworn, deposes and says,

That Deponent is not a party to this action, is over 18 years of age, and resides in East Meadow, New York;

That on the 7th day of August 2014 Deponent served the following Answer of Respondent Commercial Building Maintenance Corp., to the Consolidated Complaint upon the following:

Jeffrey A. Meyer, Esq.
Kaufman, Dolowich, Voluck
& Gonzo, LLP
135 Crossways Park Dr., Ste 201
Woodbury, NY 11797-2005

Ari Stein
Sprain Brook Manor Rehab, LLC
77 Jackson Avenue
Scarsdale, NY 10583

Budget Services Inc.
129 S. 8th Street
Brooklyn, NY 11211-6119

SC & BP Services, Inc.
1055 63rd Street
Brooklyn, NY 11219-5114

David Jasinski, Esq.
Jasinski, P.C.
60 Park Place, Ste 8
Newark, NJ 07102-5504

Pinnacle Dietary, Inc.
50 Jeanne Drive
Newburgh, NY 12550

Commercial Building Maintenance
40 Oak Drive
Syosset, NY 11791-4619

Brian Powers, VP of Operations
Confidence Management Systems
1420 E Linden Avenue
Linden, NJ 07036-1506

Stuart Weinberger, Esq.
Goldberg & Weinberger
630 Third Avenue, 18th Floor
New York, NY 10017-6705

George Gresham, President
1199 SEIU United Healtcare Workers, East
310 West 43rd Street, Fl 5
New York, NY 10036-3981

William S. Massey, Esq.
Gladstein, Reif & Meginnis, LLP
817 Broadway, Fl 6
New York, NY 10003-4709

Judith A. Scott, General Counsel
Service Employees International Union
1800 Massachusetts Ave., NW
Washington, DC 20036-1806

Peter Hasho, President
Local 713 International Brotherhood
Of Trade Unions
400 Garden City Plz, Ste 106
Garden City, NY 11530-3336

Sheri D. Preece, Esq.
Bryan C. McCarthy & Associates, P.C.
210 W Valley Stream Boulevard
Valley Stream, NY 11580-5538

2

Avrom R. Vann
420 Lexington Avenue, Ste 2806
New York, NY 10170

Karen P. Fernbach, Regional Director
National Labor Relations Board, Region 2
26 Federal Plz, Ste 3614
New York, NY 10278-3699

at the address designated for that purposed by depositing a true copy of same enclosed in a post-paid envelope, via regular, via first-class mail, in a properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Maura T. Celentano

Sworn to before me this
7ᵗʰ day of August, 2014.

_____
Notary Public

CLIFFORD R. CHAIET
Notary Public, State of New York
No. 4517071
Qualified in Westchester County
Commission Expires November 30, 2014

3

**UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2**

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERICAL BUILDING
MAINTENANCE CORP.
          **Respondents**

and
                                   Case Nos. 02-CA-089480

1199 SEIU UNITED HEALTHCARE WORKERS EAST
          **Charging Party**

and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS
          **Party to the Contract**

and

BUDGET SERVICES, INC.
          **Party to the Contract**

and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS
          **Respondent**
                                   02-CB-095670

and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST
          **Charging Party**

<u>**AFFIDAVIT OF SERVICE OF:  Order Consolidating Cases, Consolidated
Complaint and Notice of Hearing (with forms 4668 and 4338 attached)**</u>

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose
and say that on the date indicated below I served the above-entitled document(s) by **certified
or regular mail** upon the following persons, addressed to them at the following addresses:



**Certified**

Budget Services, Inc.
129 S 8th St
Brooklyn, NY 11211-6119

Ari Stein
Sprain Brook Manor Rehab, LLC
77 Jackson Ave
Scarsdale, NY 10583

SC & BP Services, Inc.
1055 63rd St
Brooklyn, NY 11219-5114

Pinnacle Dietary, Inc.
50 Jeanne Drive
Newburgh, NY 12550

Commercial Building Maintenance Corp
40 Oak Dr
Syosset, NY 11791-4619

Brian Powers , VP of Operations
Confidence Management Systems
1420 E Linden Ave
Linden, NJ 07036-1506

George Gresham , President
1199 SEIU United Healthcare Workers East
310 West 43rd Street
Fl 5
New York, NY 10036-3981

Peter Hasho , President
Local 713, International Brotherhood of Trade
  Unions
400 Garden City Plz Ste 106
Garden City, NY 11530-3336

**Regular Mail**

Jeffery A. Meyer , Esq.
Kaufman Dolowich Voluck & Gonzo LLP
135 Crossways Park Dr Ste 201
Woodbury, NY 11797-2005

David Jasinski , Esq.
Jasinski P.C.
60 Park Pl Ste 8
Newark, NJ 07102-5504

Clifford Chaiet , Esq.
Naness, Chaiet & Naness, LLC
375 N Broadway Ste 202
Jericho, NY 11753-2008

Stuart Weinberger , Esq.
Goldberg & Weinberger
630 Third Avenue, 18th Floor
New York, NY 10017-6705

William S. Massey , Esq.
Gladstein, Reif & Meginnis, LLP
817 Broadway Fl 6
New York, NY 10003-4709

Judith A. Scott , General Counsel
Service Employees International Union
1800 Massachusetts Ave NW
Washington, DC 20036-1806

Sheri D. Preece , Esq.
Bryan C. Mccarthy & Associates, P.C.
201 W Valley Stream Blvd
Valley Stream, NY 11580-5538

Avrom R. Vann
420 Lexington Avenue, Suite 2806
New York, NY 10170New York, NY 10170

July 31, 2014
Date

Sara Strozier, Designated Agent of NLRB
Name

Signature

# NOTICE

The Complaint attached hereto alleges that the Respondent has violated certain sections of the National labor Relations Act and a formal hearing has been scheduled with respect thereto. By this notice I wish to call the attention of all parties to the policy of this Agency favoring a settlement of cases notwithstanding that a Complaint has issued. It is the position of the Agency that an early settlement will be an advantage to all parties because it eliminates, among other things, the time and expense involved in formal litigation of a matter.   In furtherance of this policy the Board agent with whom you have dealt or the attorney to whom the matter has been assigned for trial, will contact the representatives of the Respondent and the Charging Party within a matter of days for the purpose of engaging in intensive discussions to determine whether or not a settlement can be achieved. All of the facilities of this office are available to the parties in furthering the .achievement of a satisfactory disposition of the matter which will be consistent with the purposes and policies of the National Labor Relations Act.

*Karen P. Fernbach*

Regional Director
National labor Relations Board
Region 2


GOVERNMENT
EXHIBIT

M

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

SPRAIN BROOK MANOR REHAB, LLC,
PINNACLE DIETARY INC., CONFIDENCE
MANAGEMENT SYSTEMS, SC & BP SERVICE,
INC., AND COMMERCIAL BUILDING
MAINTENANCE CORP.
        Respondents

        and                                 Case 02-CA-089480

1199 SEIU UNITED HEALTHCARE WORKERS
EAST
        Charging party

        and

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS
        Party to the contract

        and
BUDGET SERVICES INC.
        Party to the contract

LOCAL 713, INTERNATIONAL BROTHERHOOD
OF TRADE UNIONS
        Respondent
                                 Case 02-CB-095670
        and

1199 SEIU UNITED HEALTHCARE WORKERS
EAST
        Charging party

## ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations

Board (the "Board") and to avoid unnecessary costs or delay, IT IS ORDERED THAT Case 02-

CA-089480 and Case 02-CB-095670, which are based on charges filed by 1199 SEIU UNITED

HEALTHCARE WORKERS EAST (the "Charging Party Union"), against Sprain Brook Manor

Rehab, LLC ("Sprain Brook Rehab"), and Pinnacle Dietary Inc., Confidence Management

1

2.    (a)    (i)    At all material times since at least June 2012, Respondent Sprain Brook Rehab has been a domestic limited liability corporation with an office and place of business in Scarsdale, New York (the "Sprain Brook Facility"), and has been engaged in the operation and maintenance of a nursing home.

(ii)    On or about June 15, 2012, Respondent Sprain Brook Rehab completed the purchase of the business of Sprain Brook Manor Nursing Home, LLC ("SB Nursing Home"), and since at least that time, has continued to operate the business of SB Nursing Home in basically unchanged form, and has employed as a majority of its employees individuals who were previously employees of SB Nursing Home.

(iii)    Based on its operations described above in paragraph 2(a)(ii) Sprain Brook Rehab has continued the employing entity and is a successor to SB Nursing Home.

(b)    (i)    At all material times, Respondent Pinnacle Dietary ("Pinnacle") has been a domestic corporation with an office and place of business in Newburgh, New York, and has been engaged in providing food services.

(ii)    At all material times since in or around August 2012, Respondents Sprain Brook Rehab and Pinnacle have been parties to a contract pursuant to which Pinnacle performs certain functions with respect to the food services operations at the Sprain Brook Facility.

(iii)    At all material times, Sprain Brook Rehab has possessed control over the labor relations policy of Pinnacle.

(iv)    At all material times, Sprain Brook Rehab and Pinnacle have been joint employers of the food services employees in the Sprain Brook Facility, as described below in sub-paragraph 6(c)(i).

3

Respondents") constitute a single-integrated business enterprise and a single employer within the meaning of the Act.

(iv)   On or about September 16, 2012, Confidence entered into a contract with Sprain Brook Rehab under which it continued to operate the housekeeping and cleaning services operations of Sprain Brook Rehab in basically unchanged form until on or about June 30, 2013, and employed as a majority of its employees individuals who were previously employees of Sprain Brook Rehab.

(v)   Based on its operations described above in sub-paragraph 2(c)(iv), the Confidence Respondents continued a portion of the employing entity and were a successor to Sprain Brook Rehab until on or about June 30, 2013.

(d)   (i)   At all material times since July 1, 2013, Respondent Commercial Building Maintenance Corporation ("CBM") has been a domestic corporation with an office and place of business in Syosset, New York, and has been engaged in providing housekeeping and cleaning services.

(ii)   On or about July 1, 2013, CBM entered into a contract with Sprain Brook Rehab under which it has continued to operate the housekeeping and cleaning services operations of the Confidence Respondents in basically unchanged form, and has employed as a majority of its employees individuals who were previously employees of the Confidence Respondents.

(iii)   Based on its operations described above in sub-paragraph 2(d)(ii), CBM has continued a portion of the employing entity and is a successor to the Confidence Respondents.

5

(b)   At all material times, the Respondent Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.   At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of the named Respondent within the meaning of Section 2(11) of the Act and/or agents of the named Respondent within the meaning of Section 2(13) of the Act, as set forth next to their names:

|  | Individual | Title | 2(11) Supervisor of Respondent(s): | 2(13) Agent of Respondent(s): |
|---|---|---|---|---|
| (a) | Andrew (LNU) | Unknown | Pinnacle Sprain Brook Rehab | Pinnacle Sprain Brook Rehab |
| (b) | Russ Barksdale | Consultant | N/A | Sprain Brook Rehab |
| (c) | Crystel (Last Name Unknown "LNU") | Human resources representative | N/A | Sprain Brook Rehab |
| (d) | Estafany (LNU) | Staffing Coordinator | N/A | Sprain Brook Rehab |
| (e) | Jose Perez | Regional Manager | Confidence Respondents | Confidence Respondents |
| (f) | Steven Lopez | Food Service Director | Pinnacle Sprain Brook Rehab | Pinnacle Sprain Brook Rehab |
| (g) | Amelia Mendizabal | Nursing Director | Sprain Brook Rehab | Sprain Brook Rehab |
| (h) | Mercedes (LNU) | Supervisor | Sprain Brook Rehab | Sprain Brook Rehab |
| (i) | Shlomo Mushell | Administrator | Sprain Brook Rehab | Sprain Brook Rehab |
| (j) | Israel Nachfolger | Chief Financial Officer | Sprain Brook Rehab | Sprain Brook Rehab |
| (k) | Foruq Rahim | Unknown | N/A | Sprain Brook Rehab |
| (l) | Allen "Ari" Stein | Owner | Sprain Brook Rehab | Sprain Brook Rehab |
| (m) | Lazar Strulowitch | Owner | Sprain Brook Rehab | Sprain Brook Rehab |
| (n) | Moses Strulovitch | Operator | Sprain Brook Rehab | Sprain Brook Rehab |
| (o) | Samantha Ward | Food Service Director | Pinnacle Sprain Brook Rehab | Pinnacle Sprain Brook Rehab |
| (p) | Budget Services, Inc. | N/A | N/A | Sprain Brook Rehab |

## 9(a) STATUS

6.   (a)   (i)   The following employees (the "Unit") constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

7

clerical employees, managers and guards, professional employees and supervisors as defined by the Act.

(ii)     From at least June 15, 2012, to in or around August 2012, based on Section 9(a) of the Act, the Charging Party Union had been the exclusive collective-bargaining representative of the Unit, including the Dietary Unit, employed by Respondent Sprain Brook Rehab.

(iii)     Since in or around August 2012, based on the facts described above in sub-paragraphs 2(b)(i) through 2(b)(iv), based on Section 9(a) of the Act, the Charging Party Union has been the designated exclusive collective-bargaining representative of the Dietary Unit jointly employed by Respondent Pinnacle and Respondent Sprain Brook Rehab.

*Sub-paragraph 8(d), below, is pled in the alternative to sub-paragraph 8(c), in the event that Pinnacle and Sprain Brook Rehab are not found to be joint employers:*

(d)     (i)     The following employees of Respondent Pinnacle (the "Dietary Unit") constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time and per-diem dietary aides and cooks employed by the employer at the facility located at 77 Jackson Avenue, Scarsdale, New York, but excluding all other employees, including office clerical employees, managers and guards, professional employees and supervisors as defined by the Act.

(ii)     From at least June 15, 2012, to in or around August 2012, based on Section 9(a) of the Act, the Charging Party Union had been the exclusive collective-bargaining representative of the Unit, including the Dietary Unit, employed by Respondent Sprain Brook Rehab.

(iii)     Since in or around August 2012, based on the facts described above in sub-paragraphs 2(b)(v) and 2(b)(vi), based on Section 9(a) of the Act, the Charging

9

(ii)     Since about July 1, 2013, based on the facts described above in sub-paragraphs 2(d)(ii) and 2(d)(iii), based on Section 9(a) of the Act, the Charging Party Union has been the designated exclusive collective-bargaining representative of the Housekeeping Unit employed by Respondent CBM.

(g)     (i)     The following employees of Respondent Sprain Brook Rehab (the "Nursing Unit") constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time and per-diem licensed practical nurses, certified nurses aides, and geriatric techs/activity aides, employed by the employer at the facility located at 77 Jackson Avenue, Scarsdale, New York, but excluding all other employees, including office clerical employees, managers and guards, professional employees and supervisors as defined by the Act.

(ii)     Since about June 15, 2012, based on Section 9(a) of the Act, the Charging Party Union has been the exclusive collective-bargaining representative of the Unit, including the Nursing Unit, employed by Respondent Sprain Brook Rehab.

*Sub-paragraph 6(g)(iii) below is pled in the alternative to sub-paragraph 6(a), above, assuming that Sprain Brook was no longer the sole employer of the Dietary Unit and Housekeeping Unit, and was the sole employer only of the Nursing Unit:*

(iii)     At all times since about September 16, 2012, based on Section 9(a) of the Act, the Charging Party Union has been the exclusive collective-bargaining representative of Respondent Sprain Brook Rehab's employees in the Nursing Unit.

**REFUSALS TO RECOGNIZE AND BARGAIN**

7.     (a)     (i)     On or about the following dates, and via the following means of communication, the Charging Party Union requested that Respondent Sprain Brook Rehab recognize it as the exclusive collective-bargaining representative of the Unit and bargain

11

(ii)     Since on or about October 8, 2012, the Confidence Respondents have failed and refused to recognize and bargain collectively with the Charging Party Union as the exclusive collective-bargaining representative of the Housekeeping Unit.

(d)     (i)     On or about July 18, 2013, by letter, the Charging Party Union requested that Respondent CBM recognize it as the exclusive collective-bargaining representative of the Housekeeping Unit and bargain collectively with the Charging Party Union as the exclusive collective-bargaining representative of the Housekeeping Unit.

(ii)     Since on or about July 18, 2013, Respondent CBM has failed and refused to recognize and bargain collectively with the Charging Party Union as the exclusive collective-bargaining representative of the Housekeeping Unit.

## UNILATERAL CHANGES AND DISCRIMINATORY CONDUCT RELATED TO CONTRACTING UNIT WORK

8.     (a)     (i)     In or around August 2012, Respondent Sprain Brook Rehab entered into a contract with Respondent Pinnacle, as described above in sub-paragraph 2(b)(ii), to perform certain functions with respect to the food services operations at the Sprain Brook Facility.

(ii)     In or around September 2012, Respondent Sprain Brook Rehab entered into a contract with Party-to-the-Contract Budget Services, Inc. ("Budget"), to perform certain payroll and other administrative functions with respect to the nursing operations at the Sprain Brook Facility.

(iii)     In or around September 2012, Respondent Sprain Brook Rehab entered into a contract with Respondent Confidence, as described above in sub-paragraph 2(c)(iv), to perform certain functions with the respect to the housekeeping and cleaning operations at the Sprain Brook Facility.

13

(c)      Respondent Sprain Brook Rehab engaged in the conduct described above in sub-paragraph 8(a) because the named categories of employees assisted the Charging Party Union and to discourage employees from engaging in those activities.

## OTHER UNILATERAL CHANGES

9.      (a)      (i)      In or around June 2012, and continuing thereafter, Respondent Sprain Brook Rehab denied representatives of the Charging Party Union access to its facilities for purposes of meeting with Respondents' management and/or employees.

(ii)      The subjects set forth above in sub-paragraph 9(a)(i) relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

(iii)      Respondent Sprain Brook Rehab engaged in the conduct described above in sub-paragraph 9(a)(i) without prior notice to the Charging Party Union and without affording the Charging Party Union an opportunity to bargain with Respondent Sprain Brook Rehab with respect to this conduct and the effects of this conduct.

(b)      (i)      On or about September 12, 2012, Respondents Sprain Brook Rehab and/or Pinnacle, as joint employers, made changes to the terms and conditions of employment of employees in the Dietary Unit, including: (1) decreased employees' wages; (2) decreased employees' hours; (3) eliminated health insurance benefits; and (4) eliminated paid holidays.

(ii)      The subjects set forth above in sub-paragraph 9(b)(ii) relate to wages, hours, and other terms and conditions of employment of the Dietary Unit and are mandatory subjects for the purposes of collective bargaining.

(iii)      Respondents Sprain Brook Rehab and/or Pinnacle, as joint employers, engaged in the conduct described above in sub-paragraph 9(b)(ii) without prior notice

15

Brook Rehab, by permitting Respondent Union to utilize Respondent's recreation room facilities for the purpose of this meeting.

(b)    On or about September 14, 2012, Respondent Sprain Brook Rehab, by an agent of Respondent Sprain Brook Rehab whose identity is presently unknown to the General Counsel but known to Respondent Sprain Brook Rehab, in the meeting described in sub-paragraph 10(a), gave assistance and support to Respondent Union by threatening employees with discharge if they did not sign check-off authorizations for Respondent Union.

(c)    On or about October 15, 2012, Respondents Sprain Brook Rehab and/or Pinnacle, as joint employers, through their agent Andrew (LNU), in the kitchen, gave assistance and support to Respondent Union by urging employees to sign check-off authorizations for Respondent Union.

(d)    On or about October 15, 2012, Respondents Sprain Brook Rehab and/or Pinnacle, as joint employers, through their agent Andrew (LNU), in the kitchen, gave assistance and support to Respondent Union by threatening employees with discharge if they did not sign check-off authorizations for Respondent Union.

(e)    On or about October 18, 2012, Respondent Sprain Brook Rehab, through its agent Estefany (LNU), gave assistance and support to Respondent Union by urging employees to sign check-off authorizations for Respondent Union.

(f)    On or about October 23, 2012, Respondent Sprain Brook Rehab, by its agents Budget and/or Foruq Rahim, in the dining room and/or recreation room, gave assistance and support to Respondent Union by permitting Respondent Union to utilize the Employer's facilities for the purpose of soliciting employees' signatures on union authorization cards for Respondent Union.

17

## UNLAWFUL RECOGNITION

11.    (a)    In or around December 2012, Respondent Sprain Brook Rehab recognized and entered into a collective-bargaining agreement with Respondent Union covering the nursing Unit described above in sub-paragraph 6(g), and has since that time maintained such collective-bargaining agreement.

(b)    Respondent Sprain Brook Rehab engaged in the conduct alleged in sub-paragraph 11(a) even though Respondent Union did not represent an uncoerced majority of employees.

(c)    Respondent Sprain Brook Rehab engaged in the conduct alleged in sub-paragraph 11(a) even though Respondent Sprain Brook Rehab had a bargaining obligation to the Charging Party Union at that time, as described above in sub-paragraphs 6(g).

## UNLAWFUL DUES DEDUCTION AND REMITTANCE

12.    In or around January 2013, and continuously thereafter, Respondent Sprain Brook Rehab, through its agent Budget Services, Inc., gave assistance and support to Respondent Union by deducting money from Nursing Unit employees' wages and remitting it to the Respondent Union notwithstanding the absence of employee authorizations for the deductions and remittance, and/or notwithstanding the absence of uncoerced employee authorizations for the deductions and remittance.

## UNLAWFUL CONDUCT BY RESPONDENT UNION

13.    (a)    On various dates between September 14, 2012, and January 2013, and continuously thereafter, Respondent Union received assistance and support from the named Respondents by the conduct set forth in sub-paragraphs 10(a) and 10(i).

19

(iv)    Respondents    Sprain    Brook    Rehab    and    the    Confidence Respondents, engaged in the conduct described above in sub-paragraphs 14(b)(i) through 14(b)(iii) because the named employee assisted the Charging Party Union and/or refused to assist Respondent Union, and to discourage employees from engaging in these activities.

(c)    (i)    On or about October 25, 2012, Respondent Pinnacle, or Respondents Sprain Brook Rehab and/or Pinnacle, as joint employers, discharged employee Vernon Warren.

(ii)    At all times between October 25, 2012, and in or around June 2013, Respondent Pinnacle, or Respondents Sprain Brook Rehab and/or Pinnacle, as joint employers, failed and refused to reinstate Vernon Warren to his former position of employment.

(iii)    Respondent Pinnacle, or Respondents Sprain Brook Rehab and/or Pinnacle, as joint employers, engaged in the conduct described above in sub-paragraphs 14(c)(i) and 14(c)(ii) because the named employee assisted the Charging Party Union and/or refused to assist Respondent Union, and to discourage employees from engaging in these activities.

## CONCLUSIONS

15.    By the conduct described above in paragraphs 10, the named Respondents have been coercing employees in the exercise of their Section 7 rights, in violation of Section 8(a)(1) of the Act.

16.    By the conduct described above in sub-paragraphs 10, 11, and 12, the named Respondents have been rendering unlawful assistance and support to a labor organization in violation of Section 8(a)(1) and (2) of the Act.

17.    By the conduct described above in paragraphs 8 and 14, the named Respondents have been discriminating in regard to the hire or tenure or terms or conditions of employment of

21

presence of supervisors and/or agents of appropriate respondents indentified above in paragraph 5.

WHEREFORE, as part of the remedy for the unfair labor practices alleged above in paragraph 7, the General Counsel seeks an Order requiring Respondent Sprain Brook or other appropriate Respondent Contractors to: (1) bargain on request within 15 days of a Board Order; (2) bargain on request for a minimum of 15 hours a week until an agreement or lawful impasse is reached or until the parties agree to a respite in bargaining; and (3) prepare written bargaining progress reports every 15 days and submit them to the Regional Director and also serve the reports on the Charging Party Union to provide the Charging Party Union with an opportunity to reply.

WHEREFORE, as part of the remedy for the unfair labor practices alleged above in paragraph 14, the General Counsel seeks an order requiring reimbursement of amounts equal to the difference in taxes owed upon receipt of a lump-sum payment and taxes that would have been owed had there been no discrimination.

WHEREFORE, the General Counsel further seeks, as part of the remedy for the allegations in paragraph 14, that Respondent be required to submit the appropriate documentation to the Social Security Administration so that when backpay is paid, it will be allocated to the appropriate periods.

The General Counsel further seeks such other relief as may be appropriate to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondents are notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, they must file an answer to the consolidated complaint. The answer must be **received by this office on or before August 14, 2014, or postmarked on or before August**

23

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **October 6, 2014, at 9:30 a.m.** at the Mary Taylor Walker Room, 26 Federal Plaza, Room 3614, New York, New York, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.   At the hearing, Respondents and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint.   The procedures to be followed at the hearing are described in the attached Form NLRB-4668.   The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated: July 31, 2014

KAREN P. FERNBACH
REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 2
26 Federal Plz Ste 3614
New York, NY 10278-3699

Attachments

25

FORM NLRB 4338
(6-90)

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
**NOTICE**

Case Nos. 02-CA-089480 and
02-CB-95670

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties.  On the contrary, it is the policy of this office to encourage voluntary adjustments.  The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.  However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated.  Postponements *will not be granted* unless good and sufficient grounds are shown *and* the following requirements are met:

(1) The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2) Grounds must be set forth in *detail*;

(3) Alternative dates for any rescheduled hearing must be given;

(4) The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5) Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

JEFFERY A. MEYER , ESQ., Attorney
KAUFMAN DOLOWICH VOLUCK &
  GONZO LLP
135 Crossways Park Dr Ste 201
Woodbury, NY 11797-2005

ARI STEIN
SPRAIN BROOK MANOR REHAB, LLC
77 Jackson Ave
Scarsdale, NY 10583-

BUDGET SERVICES, INC.
129 S 8th St
Brooklyn, NY 11211-6119